# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES DODD** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | 2010-TMP-0637-S |
| | ) | |
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY, a corporation** | ) | |
| | ) | |
| **Defendant** | ) | |

## MOTION TO REMAND

COMES NOW the Plaintiff, Charles Dodd, by and through his undersigned attorney of record, and pursuant to 28 U.S.C. § 1447 (c), moves this Court to remand the above-styled matter to the Circuit Court of Jefferson County, Alabama from which it was removed. The absence of removal jurisdiction mandates this requested remand. As specific grounds, Dodd states as follows:

1. On February 15, 2010, in the Circuit Court of Jefferson County, Alabama, Dodd filed a Complaint in which the named party-Defendant was Liberty Mutual(hereinafter "Liberty Mutual");

2. Dodd asserted that he was an Alabama resident and that Defendant Liberty Mutual was a corporate resident of a state other than Alabama;

3. Dodd further factually alleged that the Defendant had (1) breached its contract with the Plaintiff by failing to pay insurance proceeds due to Plaintiff as a result of a house fire that burned and destroyed Plaintiff's residence, and personal property, (2) that the Defendants' failure to pay was deliberate and in bad faith, and (3) that the Defendant failed to adequately investigate whether it had a good faith basis to deny payment of insurance proceeds to Plaintiff;

4. In the Complaint, while Dodd sought both compensatory damages and punitive damages, he requested no specific amount as to either;

5. On March 24, 2010 Defendant filed its Notice Of Removal. As the source of federal subject matter jurisdiction, Defendant Liberty Mutual referenced only diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. As exhibits to its Notice Of Removal Defendant Liberty Mutualattached only Plaintiff's Complaint (Exhibit A), the declarations page of the policy in question showing coverage amounts (Exhibit B), Case Action Summary sheet, Plaintiff's written discovery requests, Summons and certified mail return receipt (Exhibit C);

6. To support its claim that the jurisdictional threshold amount has been reached the Defendant asserts only that the limits of the different coverages provided pursuant to the policy total more than $75,000.00. Exhibit B to Defendant's Notice Of Removal shows that the policy provides six different coverages (A-F), two of which are "Dwelling With Expanded Replacement Cost" (Coverage A) and "Personal Property With Replacement Cost" (Coverage C)

```
SECTION I AND II: COVERAGES AND LIMITS UNDER YOUR LIBERTYGUARD HOMEOWNERS
POLICY
I:COVERAGE A - YOUR DWELLING WITH EXPANDED REPLACEMENT COST     $98,700
  COVERAGE B - OTHER STRUCTURES ON RESIDENCE PREMISES            $9,870
  COVERAGE C - PERSONAL PROPERTY WITH REPLACEMENT COST          $74,025
  COVERAGE D - LOSS OF USE OF YOUR RESIDENCE PREMISES  ACTUAL LOSS SUSTAINED
  COVERAGE E - PERSONAL LIABILITY (EACH OCCURRENCE)            $100,000
  COVERAGE F - MEDICAL PAYMENTS TO OTHERS (EACH PERSON)          $1,000

DEDUCTIBLE: LOSSES COVERED BY SECTION I ARE SUBJEC TO A DEDUCTIBLE OF $500.
```

Exhibit B to Defendant's Notice Of Removal.

7. After the Plaintiff's house burned down the Defendant paid in a timely fashion all amounts due and owing to the Plaintiff under the policy pursuant to Coverage A (Your Dwelling With Expanded Replacement Cost). The refusal to pay insurance proceeds which is made the basis of Plaintiff's claims in this suit is related solely to the Defendant's failure/refusal to pay to the Plaintiff amounts due and owing pursuant to Coverage C (Personal Property With Replacement Cost). Although Defendant has accepted the claim and paid Plaintiff the amount due and owing pursuant to Coverage A, Defendant refuses to pay to the Plaintiff any amount for the loss of his personal property which is covered under Coverage C.

8. Plaintiff expressly warrants and asserts to this Court that the basis of his claim is Defendant Liberty Mutual's refusal to pay his Personal Property claim (Coverage C). Plaintiff expressly asserts and warrants to this Court that he makes no claim for any other coverages provided under the policy, including Dwelling (Coverage A), Other Structures On The Resident's Premises (Coverage B), Loss Of Use Of Your Residence Premises (Coverage D), Personal Liability (Coverage E) or Medical Payments (Coverage F). Plaintiff expressly warrants and asserts to this Court that he

     makes no claim in this suit for any other coverage other than that for Personal Property With Replacement Cost (Coverage C);

9. Exhibit B to Defendant's Notice Of Removal shows that the limits of the Defendant's liability pursuant to the policy and Coverage C is $74,025. Exhibit B to Defendant's Notice Of Removal.

## Argument

10. Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed 2d 391 (1994); *Burns v. Windsor Insurance Company,* 31 F.3d 1092, 1095 (11th cir. 1994).

11. Removal statutes must be strictly construed because Congressional intent when enacting removal legislation was to restrict removal jurisdiction. *Shamrock Oil and Gas Corp. v. Streets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed 2d 1214 (1921); *Lane v. Champion International Corp.,* 827 F.Supp. 701, 705 (S.D. Ala. 1993). Because federal removal jurisdiction is very limited, the remanding of a removed case is favored where the existence of federal subject matter jurisdiction is not absolutely clear. *Burns v. Windsor Insurance Company,* 31 F.3d 1095; See also *Russell Corp. v. American Home Assurance Company,* 264 F.3d 1040 (11th cir. 2001) ("all uncertainties as to removal jurisdiction are to be resolved in favor of remand" citing *Burns*);

12. The courts should exercise a necessary presumption in favor of remand. *Klempner v. Northwestern Mutual Insurance Company*, 196 F.2d 1233, 1237 (S.D. Fla. 2001). All uncertainties as to removal jurisdiction are to be resolved in favor of remand. *Russell Corp. v. American Home Assurance Company,* 264 F.3d 1040, 1050 (11th cir. 2001);

13. The removing party bears the burden of demonstrating the existence of federal jurisdiction. *Wilson v. Republic Iron and Steel Company*, 257 U.S. 92, 97, 42 S.Ct. 35, 660 L.Ed 2d 144 (1921); *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th cir. 2002). Where jurisdiction is based on a claim for indeterminate damages, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mutual Insurance Company v. McKinnon Motors, LLC*, 329 F.3d, 805, 807 (11th cir. 2003) cited in *Employer's Mutual Casualty Company v. Parker Towing Company, Inc.*, slip copy, 2007 W.L. 4577705 (S.D. Ala.);

14. It is not enough for the Defendant to merely state and rely upon the limits of its insurance policy. See, *Employer's Mutual Casualty Company v.*

*Parker Towing Company, Inc.*, *Id.* *2. "A high policy limit does not establish a large amount in controversy for the simple reason that the underlying Plaintiff's claim may be for far less than the policy limit. *Employer's Mutual Casualty Company, Id.*; citing *Hartford Insurance Group v. Lou-Con, Inc.,* 293 F.3d 908, 911 (5th cir. 2002);

15. The jurisdiction is either evident from the removing documents or remand is appropriate. *Lowery v. Alabama Power Company,* 483 F.3d 1184, 1211 (11th cir. 2007). If the jurisdictional amount is either stated clearly on the face of the documents before the Court, or readily deducible from them, the Court has jurisdiction. If not, the Court must remand. *Lowery v. Alabama Power Company,* 483 F.3d at 1211;

16. In *Ellis Motor Cars, Inc. v. Westport Insurance Corp.,* 2007 W.L. 1991573 (M.D. Ala. 2007) the Plaintiff sued its insurance company for damages to automobiles on its dealership lot sustained in a hailstorm. The Defendant insurance company paid the Plaintiff $154,000. The Plaintiff believed that the damages exceeded $154,000 and the dealership filed a Complaint in the Circuit Court of Montgomery County, Alabama, asserting claims of breach of contract, fraudulent misrepresentation, negligence and wantonness and seeking unspecified compensatory damages and punitive damages.

17. The District Court Judge determined that "It must determine the propriety of removal on the basis of the limited universe of evidence available when the motion to remand is filed in accordance with the scheme set forth in 28 U.S.C.  1446 (b) and  1447 (c)." *Ellis Motor Cars, Inc.* 2007 W.L. 1991573 *1 (quoting *Lowery* 483 F.3d at 1213-14). The District Court Judge observed that, in its Complaint, Ellis Motor Cars sought "full compensation for damages to the automobiles." *Ellis Motor Cars, Inc.* 2007 W.L. 1991573 *2 (quoting the Complaint). The District Court Judge further observed that "[t]he amount of full compensation that the Plaintiff seeks is nowhere stated on the face of the removal document nor is there a hint as to the value of the claim." *Id.* The removing parties proffered no evidence to show how much more than $154,000 the dealership thought that it was entitled to receive under the subject policy. The District Court Judge noted that "[u]nder *Lowery*, District Courts are no longer able to 'speculate in an attempt to make up for the notice's failings.'" *Id.* (quoting *Lowery* 483 F.3d at 1215). The District Court Judge noted that he was barred from speculating that the dealership desired $75,000 more in additional benefits or compensation for the damage to the vehicles because "[t]o do so would reduce the Defendant's burden of establishing the amount in controversy by a preponderance of the evidence to an ambiguous suggestion of the jurisdictional amount." *Id.*

18. Courts are not allowed to speculate by comparing and relying upon awards in prior similar cases. *Carswell v. Sears, Roebuck & Company,* 2007 W.L. 1697003 (M.D. Ala. 2007).

19. Defendant Liberty Mutual is forcing this Court to speculate that the jurisdictional threshold amount has been reached. First, since Plaintiff Dodd is making no claim other than for Coverage C (Personal Property With Replacement Cost) this Court should not consider the coverage limits for Coverage A (Dwelling). Second, this Court is not allowed to assume that Plaintiff's claim is for the full measure of the policy limits for Coverage C or $74,025. *Employer's Mutual Casualty Company v. Parker Towing Company, Inc., Supra.*; *Hartford Insurance Group v. Lou-Con, Inc., Supra*. As the 11th Circuit has recently stated, "[t]he jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery v. Alabama Power Company, Supra.* *1211. In this case the jurisdictional amount is not evident from the removing documents and this Court is left to speculate.  Since the jurisdictional amount is not stated clearly on the face of the documents before this Court, the jurisdictional threshold requirement has not been met and this Court must remand. *Id.* As has been noted by the 11th Circuit and our own Northern District of Alabama, courts are no longer able to speculate in an attempt to make up for the notice's failings. *Ellis Motorcars, Inc. Supra.* *2; quoting *Lowery* 483 F.3d at 1215.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Court remand this matter back to the Circuit Court of Jefferson County, Alabama from which it was removed.

Respectfully submitted,

s/ J. Flint Liddon
J. Flint Liddon

**OF COUNSEL:**
J. Flint Liddon
Bear & Liddon
1330 21st Way South
Suite 300
Birmingham, Alabama   35205
(205) 933-0940 – Telephone
(205) 933-0936 – Facsimile

**CERTIFICATE OF SERVICE**

  This is to certify that the following has been served on all counsel of record via electronic filing this the 29th day of March, 2010:

Katy Maynard
Christopher C. Frost
Jeffery M. Grantham
Maynard, Cooper & Gale
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618


Edmund F. Kelly
Liberty Mutual Insurance Company
175 Berkeley Street
Boston, Massachusetts 02116